Johnson, J.
delivered the opinion of the Court
There can be no doubt but that, by the Common Law, a carrier has both a lien on the goods, and an action against the consigner for the freight. Lex Mercatoria Americana, 203. Abbot on Shipping, 276, 290. 3d Johnson’s Rep. 328. But it is alleged in this case, that by á long and well estalished usage, peculiar to this species of freight, the liability of the consigner is shifted to the consignee. It is not necessary in this case to determine whether such an usage, if established by sufficient proof, is or is not unreasonable, and inconvenient, nor to determine what would be the legal consequences of it; for the Jury have by their verdict negatived the proof of the- existence of such usage, by the strongest implication.
*188 It is not usual for Juries to assign their reason# in form, for the verdicts they give; but when they do so, the Court will look to their correctness.' I regard it in the same light that I would a case When improper evidence has been suffered to go before them, and will not weigh what influence it might have had on their minds; for surely the influence of erroneous principle is atleast as dangerous as the influence ofimproperevidence,andoughtto be more guarded against, as it is moré difficult to detect; but as in the former case, I should in this be disposed to support the verdict, if there existed sufficient reasons, founded in fact, to support the conclusion drawn by it, independent of those given by the Jury; but such was not the case here. It appears to me impossible to give any other Construction to their verdict, than that for no other reason than that the plaintiff, or his agent, had been guilty of negligence in collecting the freight from the factors, he ought to lose it, and that butfor that only reason he was entitled to recover.
Having established the principle that the defendant was liable in the first instance, it follows as a matter of course that the plaintiff was not bound to look to his factors at all, and therefore Could have been guilty of no laches, and consequently the verdict Was predicated on erroneous principles, nor do I think that the circumstance of the plaintiff’s factor debiting the freight to the defendant’s factors, can alter the case. It could *189 impose no liability, where none previously existed, nor could it discharge one that did exist.
Ford and Prioleau, for the motion.
T. Parker, contra.
I am therefore of opinion that the motion for a Hew trial ought to be granted.
The other Judges concurred.